Helen L. **UTENDAHL**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 89–148.

United States Court of Veterans Appeals.

Submitted April 10, 1991.

Decided Oct. 21, 1991.

Helen L. Utendahl, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

PER CURIAM:

Appellant, Helen L. Utendahl, appeals from an October 5, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for the death of her husband, Lewis R. Utendahl, a veteran of the United States Air Force, who was on active duty between February 14, 1950, and September 4, 1953. Appellant contends that her husband's death, on August 14, 1987, from occlusive coronary atherosclerosis with chronic alcoholism as a contributing cause, was related to her husband's service-connected sickle cell anemia. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

On May 17, 1988, appellant asked the Veterans' Administration (now the Department of Veterans Affairs) rating board for reconsideration of its May 5, 1988, rating decision which denied service connection for her husband's death. With her request, appellant submitted a medical article from a medical treatise, entitled The Heart Arteries and Veins 1362 (J. Hurst 3d ed. 1974), to support her claim that her husband's death was related to his service-connected sickle cell anemia. The applicable regulation for cause of death is 38 C.F.R. § 3.312. Section 3.312(c)(1), contributory cause of death, states the following:

> Contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it **must** be shown that it contributed **substantially or materially;** that it combined to cause death; that it aided or lent assistance to the production of death. **It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection.**

(Emphasis added). The medical treatise submitted by appellant only raises the possibility that there may be some relationship between sickle cell anemia and certain cardiovascular disorders. The article does not show that there was a direct causal relationship between sickle cell anemia and the cause of death listed on the veteran's death certificate. The Court finds the Board's assessment of the record adequate. Therefore, upon consideration of the supporting memoranda, appellant's brief, and a review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, appellee's motion for summary affirmance is GRANTED and the decision of the BVA is AFFIRMED.